UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JESSIE JAMES MACK, JR.,**

    Petitioner,

v.                                            Case No. 8:20-cv-1507-T-33AAS

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Jessie James Mack, Jr.'s timely-filed *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response in opposition to the petition. (Doc. 7). Mack did not file a reply. Upon consideration, it is **ORDERED** that the petition is **DENIED**:

### PROCEDURAL HISTORY

Mack was charged with aggravated battery with a weapon (count one) and armed false imprisonment (count two). (Doc. 7-2 Ex. 2). A jury convicted him of the lesser-included offense of felony battery as to count one, and found that he carried, displayed, used, threatened to use, or attempted to use a weapon in the course of the battery. (Doc. 7-2 Ex. 5) Mack was acquitted of count two. (*Id.*). The state trial court sentenced Mack to 30 years in prison as a habitual violent felony offender. (Doc. 7-3 Ex. 7). The state appellate court *per curiam* affirmed the conviction and sentence. (Doc. 7-3 Ex. 13).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas

corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). The state appellate court affirmed Mack's conviction and sentence without discussion. This decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002).

### EXHAUSTION OF STATE REMEDIES; PROCEDURAL DEFAULT

A federal habeas petitioner must exhaust his claims by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The exhaustion requirement is satisfied if the petitioner fairly presents his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (stating that unexhausted claims that "would now be procedurally barred in state court due to a state-law procedural default" provide no basis for federal habeas relief).

**DISCUSSION**

I.    <u>Grounds One, Two, Three, Four, And Six</u>

In Ground One, Mack contends that the trial court erred in admitting a photograph of the victim. In Ground Two, Mack argues that the trial court erred in denying in part the defense's motion *in limine*. In Ground Three, Mack asserts that the trial court erred in finding a child witness competent to testify. In Ground Four, Mack alleges that the trial court erred in allowing the prosecutor to make impermissible closing argument. In Ground Six, Mack argues that the trial court erred in denying his post-trial motion for judgment of acquittal or new trial.

Mack does not allege any violation of his federal rights in these grounds. Accordingly, they are not cognizable on federal habeas review. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief."). Even if the Court liberally interpreted his claims as federal in nature, however, the claims are unexhausted. When Mack raised these issues on direct appeal, he presented them solely in terms of state law. (Doc. 7-3 Ex. 11, pp. 19-24, 27-28). Mack did not identify the claims as federal, allege a violation of his federal rights, or cite any federal authority. (*Id.*).

Since Mack therefore failed to alert the state appellate court to a federal claim, he did not satisfy the exhaustion requirement. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."); *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) ("The crux of the exhaustion requirement is

simply that the petitioner must have put the state court on notice that he intended to raise a federal claim."); *Pearson v. Sec'y, Dep't of Corr.*, 273 F. App'x 847, 849-50 (11th Cir. 2008) ("The exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right.").

Mack cannot return to state court to present the federal claims because state procedures do not allow for second direct appeals. *See* Fla. R. App. P. 9.140(b)(3) (stating that a notice of appeal must be filed within 30 days of the rendition of the sentence). Accordingly, the claims are procedurally defaulted. *See Smith*, 256 F.3d at 1138. Mack has not alleged or demonstrated that an exception applies to overcome the default. *See id.* Accordingly, Grounds One, Two, Three, Four, and Six are barred from federal habeas review.[1]

Ground Five

In Ground Five, Mack argues the evidence is insufficient to sustain his conviction. Mack does not expressly argue a federal constitutional violation in Ground Five. Accordingly, his claim is not cognizable in this proceeding. *See Branan*, 861 F.2d at 1508. Even interpreting his argument as raising a federal due process claim, and assuming that such a claim was exhausted on appeal,[2] Mack has not demonstrated that the state court unreasonably denied his claim. The sufficiency of the evidence standard asks whether,

---

[1] To the extent that Ground Six may be interpreted as containing a challenge to the sufficiency of the evidence, such a claim is denied for the same reasons addressed in Ground Five.

[2] Mack did not allege a federal constitutional violation when he raised this claim on direct appeal. (Doc. 7-3 Ex. 11, pp. 24-26). Some case law supports the proposition that a federal habeas petitioner may exhaust a federal sufficiency of the evidence claim by bringing an analogous state law claim on appeal when the federal and state courts would apply the same standard of review. *See Mulnix v. Sec'y, Dep't of Corr.*, 254 F. App'x 763 (11th Cir. 2007). The Eleventh Circuit Court of Appeals cast doubt on this proposition but declined to resolve the question. *See Preston*, 785 F.3d at 459-60.

5

after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On federal habeas review, this standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16.

To prove the offense of felony battery, the State was required to show beyond a reasonable doubt that Mack (1) actually and intentionally touched or struck the victim against her will and (2) caused the victim "great bodily harm, permanent disability, or permanent[ ] disfigurement." (Doc. 7-2, Ex. 4, pp. 508-09). *See* § 784.041(1), Fla. Stat.

Mack argues that the State failed to prove that he caused the victim great bodily harm, permanent disability, or permanent disfigurement. Mack contends that the victim's injuries only amounted to "slight, trivial, minor or modest harm." (Doc. 1, pp. 8-9). Mack cites the trial testimony of Officer Scott Bowman. Officer Bowman interviewed the victim, Mack's wife, at a hospital. Officer Bowman testified that the victim had small cuts on her arm and nose and gauze over the side of her abdomen. (Doc. 7-2, Ex. 4, pp. 274-75). In support of his claim, Mack also states that the victim did not receive medical treatment until the day after the incident and did not contact law enforcement "until at least a full day after." (Doc. 1, p. 8).

However, Mack does not address other evidence adduced at trial about the victim's injuries and the circumstances surrounding the offense that caused the victim to delay seeking medical treatment. The victim testified at trial that Mack pushed her, and she "flew back" into a china cabinet, causing the glass of the cabinet to break. (Doc. 7-2 Ex. 4, pp. 210-11). The victim ran to the garage, where her children were playing. (*Id.*, p. 211).

6

Mack followed her. (*Id.*, pp. 211-12). Mack had two pieces of glass in his hand and repeatedly stated, "My wife got to die and I got to die." (*Id.*, p. 212). When the victim yelled at Mack to stop, Mack ran to the victim, picked her up by the throat, slammed her to the ground, and stabbed her twice in her side with the pieces of broken glass. (*Id.*, pp. 212-13). When Mack apparently realized that the victim was about to scream, he held the broken glass to her throat and said something like, "If you scream I'm going to f-ing cut your throat in front of your kids." (*Id.*, p. 213). Later, Mack grabbed the victim and headbutted her "super hard." (*Id.*, p. 219).

The victim testified that she was able to bandage her arm, but that she could not bandage the wound on her side because it was "too wide." (*Id.*, pp. 220-21). Mack stated that the victim's abdominal wound "looked bad" and, that night, drove with the victim to a drugstore where he bought a large bandage so that they would not have to go to the hospital. (*Id.*, p. 224). The next morning, Mack commented that the victim needed medical attention, and she went to the hospital. (*Id.*, pp. 223-24, 228-29). She told Mack that she would say she sustained her injuries when a glass table fell on her; however, once she was alone with a doctor, she disclosed the incident. (*Id.*, pp. 228-30). The victim testified that she did not call 911 because she feared that Mack would kill her and her children, and that she did not feel free to leave the house. (*Id.*, pp. 225-27).

The victim testified that her nose is permanently fractured and that she has permanent scarring from the injuries she sustained. (*Id.*, p. 242). She testified that she has a "big keloid" scar on her abdomen from the stabbing. (*Id.*). The victim showed her nose and scars to the jury. (*Id.*, pp. 242-43). The State also introduced medical records and photographs of the victim. (*Id.*, pp. 225-27, 232-33).

Mack fails to show that the state presented insufficient evidence to sustain the conviction. "Great bodily harm defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery. . . . Whether the evidence describing such harm or injury is within the meaning of the statute . . . is generally a question of fact for the jury." *Owens v. State*, 289 So.2d 472, 474 (Fla. 2d DCA 1974) (citation omitted). In light of the evidence about the victim's injuries and the subsequent effects of those injuries, Mack fails to establish that no reasonable trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found proof of guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

Therefore, Mack has not met his burden of demonstrating that the state court's rejection of his claim was contrary to, or an unreasonable application of, clearly established federal law. Nor does he demonstrate that the state court's decision was based on an unreasonable factual determination. Accordingly, Mack is not entitled to relief on Ground Five.

<u>Ground Seven</u>

Mack claims that his 30-year sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because it is excessive and is disproportionate to the crime. Mack raised this claim on direct appeal. (Doc. 7-3, Ex. 11, pp. 28-30). The state appellate court rejected the claim without discussion when it *per curiam* affirmed Mack's conviction and sentence.

The Eighth Amendment "contains a narrow proportionality principle that applies to noncapital sentences." *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006)

8


(quoting *Ewing v. California*, 538 U.S. 11, 20 (2003)). "The concept of proportionality is central to the Eighth Amendment. Embodied in the Constitution's ban on cruel and unusual punishments is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *Graham v. Florida*, 560 U.S. 48, 59 (2010) (quoting *Weems v. United States*, 217 U.S. 349, 367 (1910)). Accordingly, the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." *Id.* at 60 (citing *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991)).

Furthermore, "[i]n general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Johnson*, 451 F.3d at 1243 (quoting *United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005)). Felony battery is ordinarily a third degree felony. § 784.041(3), Fla. Stat. However, as the jury found that Mack carried, displayed, used, threatened to use, or attempted to use a weapon in the course of the battery, this offense was re-classified as a second degree felony. § 775.087(1)(c), Fla. Stat. When a defendant qualifies as a habitual felony violent offender—as Mack did in this case—a court may impose a sentence of up to 30 years for a second degree felony. § 775.084(4)(b)2., Fla. Stat. Thus, Mack's sentence was within the applicable statutory range.

Mack fails to show that his sentence is grossly disproportionate to the crime and thus violates the Eighth Amendment. He has not identified any clearly established federal law that compels the conclusion that his sentence, which was within the limits set out under Florida law, was so grossly disproportionate to the offense as to violate the Eighth Amendment. Accordingly, Mack fails to demonstrate that the state appellate court's rejection of this claim was contrary to, or an unreasonable application of, clearly

established federal law. Nor has he shown that the state court's decision was based on an unreasonable factual determination. Mack is not entitled to relief on Ground Seven.

Ground Eight

Mack contends that he is entitled to relief on the basis of the cumulative effect of the trial court's alleged errors. As Mack does not clearly allege a violation of his federal constitutional rights, his claim is not cognizable in this proceeding. *See Branan*, 861 F.2d at 1508. Even liberally construing his claim to assert a federal due process violation, and assuming that his reference to a United States Supreme Court decision was sufficient to exhaust a federal claim on appeal, Mack has not shown that federal habeas relief is warranted. Because Mack has not demonstrated entitlement to relief on any of his claims of trial court error, his cumulative error claim necessarily fails. *See Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012) (stating, in rejecting a cumulative error claim, that "none of Morris's individual claims of error or prejudice have any merit, and therefore we have nothing to accumulate."). Thus, Mack does not show that the state court's rejection of his cumulative error claim on direct appeal was contrary to, or an unreasonable application of, clearly established federal law or was based on an unreasonable factual determination. Ground Eight warrants no relief.

It is therefore **ORDERED** that Mack's petition (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Mack and to **CLOSE** this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is further **ORDERED** that Mack is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a COA must first

issue. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To obtain a certificate of appealability, Mack must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mack has not made the requisite showing. Finally, because Mack is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

      **ORDERED** in Tampa, Florida, on November 25, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Jessie James Mack, Jr.
Counsel of Record

11